**ALVERSON TAYLOR & SANDERS**
KURT R. BONDS, ESQ.
Nevada Bar #6228
PATRICE STEPHENSON-JOHNSON, ESQ.
Nevada Bar #12283
6605 Grand Montecito Parkway
Suite 200
Las Vegas, Nevada 89149
(702) 384-7000
efile@alversontaylor.com
*Attorneys for Defendant*
*Wal-Mart, Inc. d/b/a*
*Walmart*

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| LESLIE VALDES, on behalf of the ESTATE OF ANTONIO CORONA;<br><br>Plaintiff,<br><br>vs.<br><br>WAL-MART, INC., d/b/a WALMART, a Foreign Corporation; and DOES 1-25 inclusive; and ROE CORPORATIONS 1-25, inclusive;<br><br>Defendants. | CASE NO.:<br><br>[District Court, Clark County Case No: A-22-853732-C, Dept. No.: 19]<br><br>**DEFENDANT WAL-MART, INC. d/b/a WALMART'S PETITION OF REMOVAL** |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1332, 1441, and 1446, Defendant Wal-Mart, Inc., d/b/a Walmart ("Defendant") hereby files this Notice of Removal of the above referenced action from the Eighth Judicial District Court of the State of Nevada in and for the County of Clark, to the United Stated District Court for the District of Nevada. In support of removal of this action, Defendant states as follows:

### I.    BACKGROUND

1. On June 8, 2022, Plaintiff, LESLIE VALDES, on behalf of the ESTATE OF ANTONIO CORONA, filed her Complaint is attached hereto as **Exhibit A**.

KB-27846

2. Pursuant to 28 U.S.C. § 1441(b), the citizenship of the fictitious defendants shall be disregarded in determining whether jurisdiction lies. See U.S.C § 1441(b)(1) (regarding removal base don diversity of citizenship, "in determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) [setting forth requirements for diversity jurisdiction] of this title, the citizenship of defendants sued under fictitious names shall be disregarded.")

3. Plaintiff's Complaint pleads two causes of action: (1) negligence – premises liability and (2) wrongful death. These causes of action relate to an alleged slip and fall incident.

4. For damages in her Complaint, Plaintiff prays for judgement against Defendant for an amount in excess of $15,000, for all costs and all attorneys' fees incurred and accrued in these proceedings, for interest thereon at the legal rate until paid in full, and for such other and further relief as the Court may deem just and proper. *See* Exhibit A, pp. 7.

## II.     TIMELINESS OF REMOVAL

5. Generally, notice of removal must be filed within 30 days of the defendant's receipt of a copy of the initial pleading in an action. See 28 U.S.C. § 1446(b).

6. However, there is an exception to the general rule outlined in 28 U.S.C. § 1446(b), which states:

> "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper *from which it may first be ascertained* that the case is one which is or has become removable."

28 U.S.C § 1446(b)(3) (emphasis added).

7. Defendant, through its registered agent, was served with a copy of the Complaint on June 8, 2022.

8. However, as stated above, the case, as stated by the initial pleading (the Complaint), was not removable because, although there is complete diversity between the parties, it was not apparent from the face of the Complaint that there was a sufficient amount in controversy.

KB-27846

9. On July 18, 2022, Plaintiff filed her Request for Exemption from Arbitration which indicated that she was claiming past medical expenses for Mr. Corona of $206,360.00. See Pltf's Request for Exemption from Arbitration, pg. 20, attached hereto as Exhibit B.

10. Based on this Request for Exemption from Arbitration, it has become apparent that the amount in controversy is sufficient to make this case removable, and therefore the Request filed by Plaintiff on July 18, 2022, is the first papers from which it may be ascertained this case is removeable.

11. Thus, this Notice of Removal is timely as it has been filed within thirty (30) days of the receipt by Defendant, of Plaintiff's Request for Exemption from Arbitration.

### III. DIVERSITY JURISDICTION

12. This Court has original subject matter jurisdiction over this action pursuant to the diversity jurisdiction statute codified at 28 U.S.C. § 1332, which provides in pertinent part that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of value of $75,000, exclusive of interests and costs, and is between . . . citizens of different state." 28 U.S.C § 1332(a)(1). As set forth below, the requirements for subject matter jurisdiction are satisfied because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

A. There Exists Complete Diversity of Citizenship

13. For the purpose of diversity of jurisdiction, an individual is a citizen of the state in which he is domiciled. See Newman-Green, Inc. v. Alfonzo-Lorrain, 490 U.S. 826, 828 (1989). For the purposes of diversity jurisdiction, an individual is domiciled in the single state where he resides if the individual has no present intention to reside in another state. *See Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001).

14. For the purpose of diversity jurisdiction, a corporation shall be deemed to be a citizen of any state in which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" is "the

place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). A corporation's principal place of business is usually the singular location of the corporation's main headquarters "from which the corporation radiates out to its constituent parts." *Hertz Corp.*, 559 U.S. at 93. This "nerve center" test displaced the formerly utilized "business activities test" and does not take into consideration the places in which the corporation has a registered agent or conducts business. *Hertz*, 559 U.S. at 93. An unincorporated division, trade name, or d/b/a of a corporation is not a separate and distinct entity for purposes of removal, and its citizenship for diversity purposes is identical to that of the corporation to which it belongs. *See e.g., Breitman v. May Company*, Cal., 37 F.3d 562, 564 (9th Cir. 1994) ("We find that the distinction between an incorporated subsidiary and an unincorporated division is important for determining diversity jurisdiction. A division of a corporation does not possess the formal separateness upon which the general rule is based, and thus is not an independent entity for jurisdictional purposes.") (internal citations omitted).

15. The Plaintiff in this action is domiciled in, and a resident of, Clark County, Nevada. See Exhibit A at ¶ 1.

16. Defendant is a corporation under the laws of the State of Delaware, with its principal place of business in Arkansas. Plaintiff's Complaint admits that Defendant is a foreign corporation. *See* Exhibit A at ¶ 2.

B. The Amount in Controversy Exceeds $75,000, Exclusive of Costs and Interest

17. "In determining whether the defendant has established that diversity jurisdiction exists, the district court must first consider whether it is 'facially apparent' from the complaint that the jurisdictional amount in controversy requirement is met." *McCaa v. Mass. Mut. Life Ins. Co.*, 330 F. Supp.2d 1143, 1145 (D. Nev. 2004) (citing *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). "[I]f a plaintiff's complaint fails to

KB-27846

specify damages or specifies damages in an amount less than the jurisdictional minimum, the defendant must show, by a preponderance of the evidence, facts demonstrating that the amount involved in the litigation exceeds the statutory jurisdictional threshold." *Id*. (citing *Sanchez v. Monumental Life Ins. Co*., 102 F.3d 398, 403-4 (9th Cir. 1996)); s*ee also Sterling Sav. Bank v. Portfolio Group Mgmt., Inc*., No. 3:12-cv-00374-LRH-WGC, 2012 WL 3277159, * 2 (D. Nev. Aug. 9, 2012).

18. Consistent with the requirements of Nevada law, Plaintiff's Complaint only states that the damages suffered by Plaintiff are in excess of $15,000. This is insufficient to make it facially apparent from the Complaint that the amount in controversy requirement is met.

19. However, as discussed above, Plaintiff's Request for Exemption from Arbitration served on Defendant on July 18, 2022, makes it apparent that the amount in controversy in this matter exceeds $75,000.

20. In her Request for Exemption from Arbitration, Plaintiff claims she has suffered $206,360.00 in past medical expenses from Mr. Corona's incident. *See* Exhibit B at pp. 20.

21. On top of these alleged damages, Plaintiff is also seeking attorneys' fees. See Exhibit A at pp. 20., Based on this, there can be no doubt that the total amount in controversy exceeds the $75,000 threshold for diversity jurisdiction.

### IV.    VENUE IS PROPER IN THIS DISTRICT AND DIVISION

22. Plaintiff filed her Complaint in the Eighth Judicial District Court of the State of Nevada in and for the County of Clark, which lies in the United States District Court for the District of Nevada. Accordingly, venue is proper pursuant to 28 U.S.C § 1441(a).

### V.    THE OTHER REQUIREMENTS FOR REMOVAL HAVE BEEN SATISIFIED

23. A Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, will promptly be filed with the Clerk of the Eighth Judicial District Court of the State of Nevada in and for the County of Clark, as required by 28 U.S.C. § 1446(d).

24. A written notice of the filing of this Notice of Removal will be given to Plaintiff as required by law pursuant to 28 U.S.C. § 1446(d).

KB-27846

25. Additionally, as required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders filed in the underlying state court action are attached hereto as **Exhibit C**.

26. The allegations of this Notice of Removal are true and correct, and this cause is within the jurisdiction of the United States District Court for the District of Nevada.

27. If any question arises as to the propriety of the Removal of this action, Defendants request the opportunity to present a brief and oral argument in support of its position that this civil action is removable.

DATED this 17th of August, 2022.

ALVERSON TAYLOR & SANDERS

_/s/ Patrice Stephenson-Johnson_
KURT R. BONDS, ESQ.
Nevada Bar #6228
PATRICE STEPHENSON-JOHNSON, ESQ.
Nevada Bar #12283
6605 Grand Montecito Parkway
Suite 200
Las Vegas, Nevada 89149
(702) 384-7000
*Attorneys for Defendant*
*Wal-Mart, Inc. d/b/a*
*Walmart*

KB-27846

**CERTIFICATE OF SERVICE VIA CM/ECF**

I hereby certify that on this 17th day of August, 2022, I did serve, via Case Management/Electronic Case Filing, a copy of the above **DEFENDANT WAL-MART, INC. d/b/a WALMART'S PETITION OF REMOVAL** and foregoing addressed to:

PATRICK W. KANG, ESQ.
KYLE R. TATUM, ESQ.
TIFFANY S. YANG
KANG & ASSOCIATES, PLLC
6480 West Spring Mountain Road, Suite 1
Las Vegas, NV 89146
*Attorneys for Plaintiff*

MICHAEL N. AISEN, ESQ.
AISEN GILL & ASSOCIATES, LLC
723 S Third St.
Las Vegas, Nevada 89101
*Co-counsel for Plaintiff*

*/s/ Deirdre Renfro*
An Employee of ALVERSON TAYLOR & SANDERS

N:\CLIENTS\27800\27846\pleading\Valdez Removal.docx

KB-27846