# EXHIBIT A

**Electronically Filed**
6/8/2022 10:08 AM
Steven D. Grierson
**CLERK OF THE COURT**

**COMP**
**PATRICK W. KANG, ESQ.**
Nevada Bar No.: 10381
**KYLE R. TATUM, ESQ.**
Nevada Bar No.: 13264
**TIFFANY S. YANG, ESQ.**
Nevada Bar No.: 15353
**KANG & ASSOCIATES, PLLC**
6480 West Spring Mountain Road, Suite 1
Las Vegas, Nevada 89146
P: 702.333.4223
F: 702.507.1468
pkang@acelawgroup.com
filing@acelawgroup.com
*Attorneys for Plaintiff*

**MICHAEL N. AISEN, ESQ.**
Nevada Bar No.: 11036
723 S. Third St.
Las Vegas, Nevada 89101
Tel: (702) 750-1590
Fax: (702) 548-6884
mike@aisengill.com
kim@aisengill.com
*Co-counsel for Plaintiff*

CASE NO: A-22-853732-C
Department 19

## DISTRICT COURT
## CLARK COUNTY, NEVADA

| | |
|---|---|
| LESLIE VALDES, on behalf of the ESTATE OF ANTONIO CORONA;<br><br>Plaintiff,<br><br>vs.<br><br>WAL-MART, INC., d/b/a WALMART, a Foreign Corporation; and DOES 1-25 inclusive; and ROE CORPORATIONS 1-25 inclusive;<br><br>Defendants. | Case No.:<br>Dept. No.:<br><br>**COMPLAINT**<br><br>**CAUSES OF ACTION**<br>**(1) NEGLIGENCE–PREMISES LIABILITY**<br>**(2) WRONGFUL DEATH** |

*1 COMP*

## COMPLAINT

COMES NOW, Plaintiff LESLIE VALDES, on behalf of the ESTATE OF ANTONIO CORONA by and through her attorneys of record, Patrick W. Kang, Esq.; Kyle R. Tatum, Esq.; and Tiffany S. Yang, Esq., of the law firm of KANG & ASSOCIATES, PLLC, as and for her complaint against Defendants, and hereby complains, alleges and states as follows:

## PARTIES

1. LESLIE VALDES (hereinafter "Ms. Valdes" or "Plaintiff") was at all times relevant a resident of Clark County, Nevada and is the administrator of the Estate of Antonio Corona, who was also a resident of Clark County, Nevada at all times relevant to this litigation.

2. Upon information and belief, WALMART, INC. d/b/a WALMART (hereinafter "Defendant" or "Walmart"), was at all times relevant a Foreign Corporation, registered in the State of Delaware and doing business in Clark County, Nevada.

3. Defendants DOES 1-25 and ROE CORPORATIONS 1-25 are fictitious names referring to persons, corporations, partnerships, limited liability companies, joint ventures and/or other entities who may have or had a beneficial or other interest in Defendants at or subsequent to the events which form the basis of this lawsuit. Plaintiff will request leave of this Court to amend the complaint to substitute the actual names of these unknown parties at such time as the true names of DOES 1-25 and/or ROE CORPORATIONS 1-25 become known.

## VENUE AND JURISDICTION

4. Venue is proper in Clark County, Nevada pursuant to NRS 13.101 and 13.040.

5. The exercise of jurisdiction by this Court over Defendants in this civil action is proper pursuant to NRS 14.065.

6. The liability and negligence allegations for which Plaintiff complains and for which Defendants are liable arise out of actions that took place in Clark County, Nevada.

7. Specifically, the circumstances which led to and caused Plaintiff to sustain injury, occurred within the jurisdiction of Clark County, Nevada.

## GENERAL ALLEGATIONS

8. On or around December 1, 2020, Plaintiff visited the Walmart Store, located at 490 E. Silverado Ranch Blvd., Las Vegas, Nevada 89183.

9. Upon information and belief, this location is owned and operated by Defendant, Walmart Inc., dba Walmart.

10. At all times relevant to this litigation, Mr. Corona was an invitee on said premises.

11. While Mr. Corona was walking near a flower display, he suddenly slipped and fell onto the hard flooring.

12. After he fell, Mr. Corona noticed a liquid substance which appeared to be water, which had accumulated on the floor near the flower display.

13. There were no "wet floor" signs or any other warnings or markers in the area to warn patrons of the presence of the dangerous condition on the floor.

14. Due to the seriousness of his injuries, it was necessary for Mr. Corona to be transported via ambulance to the nearest hospital.

15. This fall caused Mr. Corona to sustain injuries necessitating professional medical treatment.

16. It was discovered at the hospital that Mr. Corona had fractured his hip during the fall.

17. As a result of the fall, Mr. Corona underwent surgery to repair his fractured hip.

18. After his surgery, Mr. Corona was admitted to a rehabilitation center, TLC, for post-fracture treatment.

19. While receiving care for injuries related to this slip and fall incident, on or about December 23, 2020, Mr. Corona tested positive for Covid-19 virus.

20. On or about January 4, 2021, Mr. Corona was transported and was admitted to Henderson Hospital due to deteriorating health symptoms resulting from the Covid-19 virus.

21. Mr. Corona ultimately passed away on February 16, 2021.

22. Mr. Corona had no way of anticipating that a puddle of water would be on the floor in a customer accessible shopping aisle.

23. The water on the floor, especially in a high traffic area in the store, was a dangerous condition.

24. Defendant Walmart's negligence in creating and/or allowing a dangerous condition to be present was the actual and proximate cause of Mr. Corona's fall and subsequent injuries.

25. It was reasonably foreseeable that creating a and/or allowing a dangerous condition to exist on the premises, and failing to warn invitees of the dangerous condition would create an unsafe environment for Plaintiff which would lead to injuries, which in this instance, did in fact occur.

26. Mr. Corona ultimately suffered additional ailments only due to the fact that he was undergoing treatment related to the slip and fall incident, had he not required in-patient care for his hip fracture, he would not have become ill, nor passed away on February 16, 2021.

27. As a direct and proximate result of Defendants' negligent and/or tortious conduct, Plaintiff received the injuries and sustained the damages mentioned herein.

## **FIRST CLAIM FOR RELIEF**

(*Negligence*)

28. Plaintiff hereby repeats and alleges each and every previous paragraph, as though fully set forth herein.

29. Defendant was operating and managing a commercial property known as Walmart at 490 E. Silverado Ranch Blvd., Las Vegas, Nevada 89183.

30. In its capacity as a business, Defendant owed Plaintiff, its invitee, a general duty of reasonable care, including a duty to inspect, maintain, and make safe the common areas on the premises, as well as to warn invitees of any dangerous conditions.

31. Defendant breached the duty of care owed to the Plaintiff by failing to inspect, maintain, make safe, and warn Plaintiff of the dangerous condition on the floor near the flower display in

Defendant's premises.

32. Defendant further breached the duty of care owed to the Plaintiff in other respects not now known to the Plaintiff, but which may become known prior to, or at the time of trial.

33. Defendant, under the circumstances, used unreasonable judgment and exercised unreasonable conduct by inappropriately and/or negligently failing to provide to either clean and maintain the dangerous condition, or to otherwise warn of the dangerous condition, their failure caused the Plaintiff to sustain injury.

34. Upon information and belief Defendant Walmart was negligent in other respects not now known, but which may become known prior to or at the time of trial.

35. Harm to the Plaintiff from failing to properly inspect and safely maintain the premises was a foreseeable and expected consequence of the Defendant's negligent conduct.

36. The Defendant's negligence was the actual proximate cause of the Plaintiff's damages, which are in excess of $15,000.

37. Due to Defendants' conduct, Plaintiff was forced to retain the services of the law firm of Kang & Associates, PLLC, to prosecute this action, and as such, Plaintiff is entitled to a reasonable award of attorneys' fees and costs of suit incurred herein.

## SECOND CLAIM FOR RELIEF

(Wrongful Death)

38. Plaintiff hereby repeats and alleges each and every previous paragraph, as though fully set forth herein.

39. Plaintiff Leslie Valdes, is an heir of Antonio Corona, and the administrator of Antonio's estate.

40. Plaintiff, Leslie Valdes, brings this cause of action pursuant to NRS 41.085(4), as an heir of Antonio Corona and pursuant to NRS 41.085(5) as the administrator of Antonio's estate. Ms. Valdes alleges that Defendants actions, including but not limited to the negligence in allowing a dangerous condition to exist on its business premises, and/or otherwise failing to warn

patrons of the dangerous condition, proximately caused the death of the decedent.

41. Upon information and belief, Defendant Walmart acted negligently in failing to safely maintain its premises and/or otherwise to warn of a dangerous condition on the premises.

42. The above referenced negligent acts by Defendant Walmart contributed to and was the actual and proximate cause of Mr. Corona's death.

43. As a direct and proximate and/or legal result of Defendant Walmart's negligence and/or wrongful acts, including, but not limited to, failing to safely maintain its premises and/or otherwise to warn of a dangerous condition on the premises, Mr. Corona passed away.

44. As a further direct and proximate or legal result of Defendant's conduct, Mr. Corona endured pain, suffering and mental anguish. As Mr. Corona's heir, Plaintiff Leslie Valdes seeks general damages for this pain and suffering pursuant to NRS 41.085(4) in an amount in excess of $15,000.00

45. As a further direct and proximate or legal result of Defendants negligent and/or wrongful acts, Mr. Corona's estate incurred special damages, to include funeral expenses. As administrator of Mr. Corona's estate, Plaintiff Leslie Valdes seeks these special damages pursuant to NRS 41.085(5).

46. Harm to the Plaintiff from failing to properly inspect and safely maintain the premises was a foreseeable and expected consequence of the Defendant's negligent conduct.

47. Due to the Defendant's conduct, the Plaintiff was forced to retain the services of an attorney in order to prosecute this action, and therefore is entitled to an award of reasonable attorneys' fees and costs of suit incurred herein.

///
///
///
///

**WHEREFORE**, Plaintiff is entitled to judgment in her favor and against Defendants, as follows:

1. For judgment in an amount in excess of $15,000.00;
2. For all costs and all attorneys' fees incurred and accrued in these proceedings;
3. For interest thereon at the legal rate until paid in full; and
4. For such other and further relief as the Court may deem just and proper.

Dated this  8  of June, 2022.

        **KANG & ASSOCIATES, PLLC**

         /s/Kyle R. Tatum, Esq.
        **PATRICK W. KANG, ESQ.**
        Nevada Bar No.: 10381
        **KYLE R. TATUM, ESQ.**
        Nevada Bar No.: 13264
        **TIFFANY S. YANG, ESQ.**
        Nevada Bar No.: 15353
        **KANG & ASSOCIATES, PLLC**
        6480 West Spring Mountain Road, Suite 1
        Las Vegas, Nevada 89146
        P: 702.333.4223
        F: 702.507.1468
        *Attorneys for Plaintiff*