UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LESLIE VALDES, on behalf of the ESTATE OF ANTONIO CORONA,<br><br>Plaintiff<br><br>v.<br><br>WAL-MART, INC., d/b/a WALMART, a Foreign Corporation; and DOES 1-25 inclusive; and ROE CORPORATIONS 1-25 inclusive,<br><br>Defendants | Case No.: 2:22-cv-01336-APG-BNW<br><br>**Order Remanding Case to State Court**<br><br>[ECF No. 8] |

Antonio Corona slipped and fell at a Walmart store, fracturing his hip. While recovering from hip surgery at a rehabilitation center, Corona contracted Covid-19, which ultimately killed him. Plaintiff Leslie Valdes, the administrator of his estate, sued Wal-Mart in state court on June 8, 2022. The complaint demands "in excess of $15,000," which is consistent with Nevada state court pleading requirements. ECF No. 1-2 at 6. On July 18, 2022, Valdes filed a request to exempt the case from the state court's mandatory arbitration rule, disclosing over $200,000 in medical bills. ECF No. 1-3. Wal-Mart removed the case to this court based on diversity jurisdiction on August 17, 2022. ECF No. 1. Valdes now moves to remand the case to state court because Wal-Mart removed the case more than 30 days after receiving the complaint. ECF No. 8.

"If the case stated by the initial pleading is not removable," the defendant must remove within 30 days of receiving another "paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Wal-Mart contends it did not know the value of the case until Valdes filed her request for exemption from arbitration. But the complaint put Wal-Mart on notice that the value of the case exceeded this court's $75,000

jurisdictional floor.  The complaint alleges that Corona fractured his hip from the fall, was transported by an ambulance to a hospital, had hip surgery, contracted Covid-19 while rehabilitating, and died from the virus.  ECF No. 1-2.  The complaint asserts claims for negligence and wrongful death.  It was "facially apparent from the complaint that the jurisdictional amount is in controversy." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (simplified).  Because the case stated by the complaint was removable, Wal-Mart should have removed it within 30 days of receipt.  It did not, so removal was untimely.  Consequently, I must remand this action to state court.

      I THEREFORE ORDER that this case is remanded to the state court from which it was removed for all further proceedings.  The Clerk of the Court is instructed to close this case.

      DATED this 12th day of October, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE